Brian J. Lawler, CA SBN 221488
**PILOT LAW, P.C.**
850 Beech Street, Suite 713
San Diego, CA 92101
Telephone: (866) 512-2465
Facsimile: (619) 231-4984
blawler@pilotlawcorp.com

*Attorney for Plaintiff*
ANN MARIE CRYDERMAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN MARIE CRYDERMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL HEALTH SERVICES OF RANCHO SPRINGS, INC. d/b/a SOUTHWEST HEALTHCARE SYSTEM,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) VIOLATIONS OF 38 U.S.C. §4301 ET SEQ;**<br><br>**FILING FEE WAIVED PER 38 U.S.C. § 4323(h)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ANN MARIE CRYDERMAN, hereby complains against Defendant, UNIVERSAL HEALTH SERVICES OF RANCHO SPRINGS, INC. d/b/a SOUTHWEST HEALTHCARE SYSTEM ("Southwest"), as follows:

## NATURE OF ACTION

1. This is a civil action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 *et. seq.* ("USERRA"), and Federal common law. It is brought by Plaintiff Ann Marie

-1-

Cryderman against Defendant, Universal Health Services of Rancho Springs, Inc. d/b/a Southwest Healthcare System.

## PARTIES

2. Plaintiff, Ann Marie Cryderman, is a citizen of the United States and a resident of the County of San Diego, State of California.

3. Plaintiff was employed by Southwest as an Emergency Department Healthcare Technician and was also an Aerospace Medical Technician, with a rank of Technical Sergeant (paygrade E-6) in the United States Air Force Reserve.

4. At all relevant times, Plaintiff was a qualified employee and member of the uniformed services for purposes of 38 U.S.C. §4303(3), (9), and (16).

5. Defendant, Universal Health Services of Rancho Springs, Inc., is believed and therefore alleged to be a corporation organized under the laws of the State of California, with its principal place of business at 36485 Inland Valley Drive, Wildomar, California 92592.

6. Defendant, Universal Health Services of Rancho Springs, Inc., is believed and therefore alleged to be doing business as Southwest Healthcare System, which owns and operates Inland Valley Medical Center ("IVMC") in Wildomar, California and Rancho Springs Medical Center ("RSMC") in Murrieta, California.

7. At all relevant times, Southwest was and is an employer for purposes of 38 U.S.C. § 4303(4)(A) and § 4323(i).

8. Whenever and wherever reference is made to persons who are not named as a defendant in this action, but were employees/agents of Defendant, such persons at all times acted on behalf of Defendant named in this action within the scope of their respective employments and agencies.

## JURISDICTION AND VENUE

9. Count I of this complaint arises under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§4301-4335.

The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 38 U.S.C. §4323(b)(3). Venue is proper because Southwest maintains a place of business in this district, as provided in 38 U.S.C §4323(c)(2), 28 U.S.C. §1391(b).

10. Pursuant to 38 U.S.C. § 4323(h), "No fees or court costs may be charged or taxed against any person claiming rights under [USERRA]."

### GENERAL FACTUAL ALLEGATIONS

11. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained within paragraphs 1 through 10, inclusive, as though set forth at length herein and made a part hereof.

12. Ms. Cryderman enlisted in the United States Air Force in 1979 and is now a Technical Sergeant (paygrade E-6) in the United States Air Force Reserve ("USAFR").

13. Ms. Cryderman began working for Southwest on July 5, 2017, when she transferred from the Emergency Department at Temecula Valley Medical Center, a Universal Health Services facility to a full-time position as an Emergency Department technician at IVMC.

14. Although Ms. Cryderman worked primarily in the IVMC Emergency Department, she also worked in the RSMC emergency department.

15. Ms. Cryderman notified Defendant of her ongoing military service obligations, as well as upcoming duty dates for 2017, when she interviewed with Jennifer Lee, the Emergency Department director, in June 2017.

16. Nevertheless, from the start of her employment with Southwest, Ms. Cryderman was continually and pervasively harassed, discriminated against, and ultimately terminated because of her military service obligations.

17. On August 3, 2017, while on duty with the USAFR, Ms. Cryderman received a phone call from Director Lee questioning Ms. Cryderman's military service obligation.

18. Director Lee said that Ms. Cryderman's military obligation was a problem and asserted that Ms. Cryderman's job was in jeopardy because Ms. Cryderman was expected to work weekends as a full-time Healthcare Technician.

19. Following the phone call, on September 9, 2017, Director Lee issued an Employee Corrective Action Report, categorized as a Final Written Warning – Failure to meet orientation, which cited her military obligations as the reason she required additional orientation before being assigned to independent duty, even though she had already been given six shifts of orientation.

20. Then, on November 4 and 5, 2017, Ms. Cryderman was scheduled to work, despite advising the scheduling nurse that she had military duty on those dates.

21. The scheduling nurse refused to change the schedule, so Ms. Cryderman had to trade work days with another employee.

22. Ms. Cryderman provided an updated military duty schedule for 2018 to Director Lee and the department scheduler in January 2018.

23. However, when the February 2018 schedule was published on January 21, 2018, Ms. Cryderman was again scheduled to work on the same dates as her military duty.

24. The scheduling nurse agreed to remove Ms. Cryderman from one of the conflicting shifts, but left her on the shift the night before Ms. Cryderman was supposed to report for duty at 5:00 a.m., even though the shift ended at 7:00 a.m.

25. Although another employee agreed to cover Ms. Cryderman's shift, the change was denied by the charge nurse.

26. Following the scheduling conflict, Ms. Cryderman was assigned to lesser paying shifts.

27. In addition, on February 7, 2018, while on her way in to work, Ms. Cryderman's shift was cancelled for no reason, and on February 10, 2018, Ms. Cryderman volunteered to cover an open shift, but her request was denied.

28. Since January 21, 2018, when her scheduling conflict was corrected, Ms. Cryderman's hours dropped to 85 hours per pay period from an average of over 100 hours per pay period.

29. On April 1, 2018, Ms. Cryderman advised the scheduler of her military dates for May 2018, including pending active duty orders for readiness training on May 7-18, 2018.

30. On April 11, 2018, during a meeting with Director Lee, Ms. Cryderman's immediate supervisor commented that she was sorry "the 'Air Force' didn't teach [Ms. Cryderman] correctly . . . you know, ABCs CABs . . . ."

31. On April 15, 2018, Ms. Cryderman was again assigned the night shift, from 7:00 p.m. to 7:30 a.m., the night before she was scheduled for military duty at 6:30 a.m.

32. Even though Ms. Cryderman identified the scheduling conflict in March when it was posted, and despite requesting to leave her shift early, it was not resolved, and Ms. Cryderman was late for her military duty.

33. On April 25, 2018, Ms. Cryderman was placed on administrative leave.

34. Fearful of losing her employment, Ms. Cryderman withdrew her planned readiness training scheduled for May 7-18, 2018.

35. Ms. Cryderman met with Director Lee and Stacy Main from Human Resources on May 2, 2018, when she was given an Employee Corrective Action Report – Termination for policy violations.

36. At the meeting, Ms. Cryderman was told by Ms. Main that Ms. Cryderman was contacted during her August drill and given a written adverse personnel action "to get [her] attention," and that she was being singled out and treated

differently from her coworkers because she was a Southwest employee "who happens to be a Reservist," and the Emergency Department did not want her there.

37. Ms. Cryderman was terminated on May 2, 2018, solely as a result of her military duty obligation to the USAFR.

## VIOLATIONS OF 38 U.S.C. §4301, *et seq*.

38. Ms. Cryderman hereby alleges and incorporates all paragraphs 1-37 above by reference herein.

39. USERRA prohibits "discrimination against persons because of their service in the uniformed services." 38 U.S.C. §4301(a)(3).

40. Ms. Cryderman's protected status as USAFR member was a substantial and motivating factor in Defendants' denial of Ms. Cryderman's benefits of employment without good cause, including but not limited to, terminating Ms. Cryderman because of her military service requirements.

41. Section 4311 of USERRA provides, in relevant part, that a person "who is a member of,…performs, has performed,…or has an obligation to perform service in a uniformed service shall not be denied… any benefit of employment by an employer on the basis of that membership,…performance of service, or obligation."

42. Section 4311 (c) further provides, in relevant part, that "[a]n employer shall be considered to have engaged in actions prohibited… if the person's membership… or obligation for service in the uniformed services is a motivating factor in the employer's action."

43. A "benefit of employment" is defined as:
The term 'benefit', 'benefit of employment', or 'rights and benefits' means the terms, conditions, or privileges of employment, include any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards,

-6-
COMPLAINT FOR DAMAGES                                         CASE NO.:

bonuses, severance pay, supplemental unemployment benefits, vacations and the opportunity to select work hours or location of employment.

38 U.S.C. 4303(2).

44. In its Fiscal Year 2010 report to Congress (published in July 2011), the Department of Labor clarified its interpretation that a "benefit of employment" included freedom from workplace harassment and/or a hostile work environment:

> The Department of Labor considers it a violation of USERRA for an employer to cause or permit workplace harassment, the creation of a hostile working environment, or to fail to take prompt and effective action to correct harassing conduct because of an individual's membership in the uniformed service or uniformed service obligations.

Department of Labor (USERRA) Fiscal Year 2010 Report to Congress.

45. USERRA's definition of "service in the uniformed services" covers all categories of military training and service, including duty performed on a *voluntary* or *involuntary* basis, in time of peace or war. 38 U.S.C. § 4303(13); 20 C.F.R. §1002.6 (italics added).

46. A person who performs military service obligations for less than 31 days shall be reemployed by his civilian employer by reporting to the employer not later than the beginning of the first full regularly scheduled work period on the first full calendar day following the completion of the period of service and the expiration of eight hours after a period allowing for the safe transportation of the person from the place of that service to the person's residence. 38 U.S.C. § 4312(e)(1)(A)(i); 20 C.F.R. §1002.115.

47. USERRA requires employees who have been on military leave for 31 days or more to submit documentation for reemployment to establish that the application is timely, that the employee has not exceeded the protected service period (subject to exceptions), and that the conditions of the employee's service and discharge were such that they preserve his rights under USERRA. 38 U.S.C § 4313(f)(1); 5 C.F.R. §1002.121.

48. There is no requirement under USERRA to provide documentation for military leave periods of less than 31 days.

49. An employee is not required to ask for or get his or her employer's permission to leave to perform service in the uniformed services. The employee is only required to give the employer notice of pending service. 5 C.F.R. §1002.87.

50. Defendant knowingly and willfully violated USERRA by, among other ways, discriminating against Ms. Cryderman, and by denying her employment benefits "on the basis of" her "obligation to perform service in a uniformed service."

51. As a direct and proximate result of the conduct of Defendant as set forth in this count, Ms. Cryderman has suffered injuries and damages including but not limited to, loss of past earnings and benefits, and loss of future earnings and benefits, all to her damage in an amount to be proven at trial.

52. Ms. Cryderman alleges such violations of USERRA were willful and requests liquidated damages in an amount equal to the amount of her lost wages and other benefits pursuant to 38 U.S.C. §4323(d)(1)(C).

53. Pursuant to 38 U.S.C. §4323(h), Ms. Cryderman further requests an award of reasonable attorney's fees, expert witness fees, and other litigation expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Ann Marie Cryderman prays for relief against Defendant as follows:

1. Declare that the acts and practices complained of herein are unlawful and are in violation of USERRA, 38 U.S.C. § 4301, et seq.;

2. Require that Defendant fully comply with the provisions of USERRA by providing Ms. Cryderman all employment benefits denied to her as a result of the unlawful acts and practices under USERRA described herein;

3. Fees and expenses, including attorneys' fees pursuant to 38 U.S.C. §4323(h);

4. Award Ms. Cryderman prejudgment interest on the amount of lost wages or employment benefits found due;

5. Order that Defendant pay compensatory and/or liquidated damages in an amount equal to the amount of lost compensation and other benefits suffered by reason of Defendant's willful violation of USERRA;

6. Grant an award for costs of suit incurred; and,

7. Grant such other and further relief as may be just and proper and which Ms. Cryderman may be entitled to under all applicable laws.

Respectfully Submitted,

Dated: December 6, 2018   PILOT LAW, P.C.

By: _/s/ *Brian J. Lawler*_____
    BRIAN J. LAWLER
    Attorney for Ann Marie Cryderman

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable as of right by a jury in the above action.

Respectfully Submitted,

Dated: December 6, 2018   PILOT LAW, P.C.

By: _/s/ *Brian J. Lawler*_____
    BRIAN J. LAWLER
    Attorney for Ann Marie Cryderman